UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT SMALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 1:19-cv-68 |
| BLUE CROSS BLUE SHIELD ) | |
| OF MICHIGAN MUTUAL ) | |
| INSURANCE COMPANY d/b/a ) | |
| BLUE CROSS BLUE SHIELD ) | |
| OF MICHIGAN, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Robert Small, by and through the undersigned counsel, Bridget O'Ryan, to file this Complaint against Blue Cross Blue Shield of Michigan Mutual Insurance Company d/b/a Blue Cross Blue Shield of Michigan and as cause therefore states as follows:

1. Robert Small is a resident of Hamilton County, Indiana and a citizen of the State of Indiana.

2. At all times material hereto, Mr. Small was an employee of FCA US LLC at the Chrysler transmission plant in Kokomo.

3. FCA US LLC is a Delaware corporation with its headquarters and primary place of business in Michigan.

4. Blue Cross Blue Shield of Michigan Mutual Insurance Company d/b/a Blue Cross Blue Shield of Michigan (BCBSM) is a Michigan corporation with its headquarters and primary place of business in Michigan.

5. The FCA US, LLC Group Health Care Plan is an employee welfare plan governed by the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq*.

1

("ERISA"). The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Robert Small brings this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132.

6. Venue in the Southern District of Indiana is appropriate by virtue of a substantial part of the events giving rise to this claim having occurred in this District.

## I. FACTUAL ALLEGATIONS

7. As part of Robert Small's compensation package, FCA US, LLC agreed to provide healthcare benefits to Mr. Small through the FCA US, LLC Group Health Care Plan (the "Plan").

8. BCBSM insures the Plan and promises to pay benefits to Plan participants for claims that satisfy the requirements of the Plan.

9. At all times relevant herein, Robert Small was a covered participant under the Plan.

10. On or about October 10, 2017, Robert Small was severely injured in a motorcycle accident.

11. Mr. Small's injuries suffered in the motorcycle accident included a brain injury, numerous fractures including pelvic ring and left femur fractures, and acute respiratory failure requiring a tracheostomy, among other injuries.

12. As a result of Mr. Small's injuries suffered in the motorcycle accident, he was hospitalized from October 10, 2017 until November 16, 2017.

13. During Mr. Small's hospitalization, he underwent numerous surgical procedures and suffered a left posterior basal ganglia stroke.

14. On November 16, 2017, Mr. Small was transferred to a long-term acute care facility.

15. During his time at the long term acute facility, Mr. Small developed alteration of cognitive status and was transferred back to hospital care at St. Vincent's Hospital in Indianapolis on January 4, 2018.

16. After being transferred to St. Vincent's Hospital, Mr. Small was diagnosed with acute encephalopathy.

17. Mr. Small remained hospitalized at St. Vincent's Hospital until April 16, 2018.

18. On April 16, 2018, Mr. Small was transferred to Aperion Care Kokomo ("Aperion"), a skilled nursing facility in Kokomo, Indiana, where he received skilled nursing care and rehabilitative therapy.

19. After developing a pressure sore on his left leg, Mr. Small was transferred to acute inpatient rehabilitation at Community Howard Specialty Hospital on June 14, 2018.

20. On July 2, 2018, Mr. Small's attending physician Bradley Vossberg discharged him back to Aperion for skilled nursing and therapy after BCBSM had preapproved Mr. Small to return to Aperion.

21. Under the terms of the Plan, benefits for skilled nursing services "are paid when a patient requires qualifying skilled care and the prognosis is favorable…. Treatment at a [skilled nursing facility] must meet the following guidelines:…patient must be convalescing from an injury or illness that has a favorable prognosis and predictable level of recovery; [and] the intensity of care needed by the patient requires a combination of skilled nursing services which are less than those of a general acute care hospital but greater than those available in the patient's place of residence."

22. The medical records from Mr. Small's acute inpatient rehabilitation at Community Howard Specialty Hospital indicate that he demonstrated significant

improvement during his time there and was convalescing from his injuries at the time of his discharge.

23. At the time of his discharge from acute inpatient care on July 2, 2018, Mr. Small required continuing treatment and monitoring of multiple infections, treatment and monitoring of blood pressure and cholesterol for stroke prevention (having already suffered a stroke in the hospital shortly after his accident), and daily wound care and monitoring.

24. However, on July 2, 2018, BCBSM issued a letter to Mr. Small stating that his request for preauthorization of the skilled nursing services at Aperion was being denied and asserting that his care could be managed at home by his family.

25. On July 3, 2018, Mr. Small underwent evaluations for speech therapy, physical therapy, and occupational therapy. Each of these therapists indicated that Mr. Small is anticipated to make a significant recovery including returning to independence or near-total independence in most functional areas.

26. On July 5, 2018, Mr. Small, via his nurse Monica Graves and his attorney in fact Pauline Fletcher, appealed the denial of skilled nursing services and requested an expedited appeal.

27. On July 9, 2018, BCBSM denied Mr. Small's appeal.

28. On July 18, 2018, Mr. Small, via his nurse Monica Graves and his attorney in fact Pauline Fletcher, requested an external review of the denial of his claim for skilled nursing services at Aperion.

29. Ms. Graves and Dr. Lance Washington, one of Mr. Small's treating physicians, both submitted letters establishing the necessity of skilled nursing services for Mr. Small's recovery. Dr. Washington reported that the denial of skilled nursing services would be serious enough to jeopardize Mr. Small's life and/or

health, while Ms. Graves indicated that Mr. Small had made significant improvement during his inpatient rehabilitation.

30. On July 19, 2018, Medical Review Institute of America, LLC ("MRIA") issued an expedited external review by an unidentified physician upholding the denial of Mr. Small's claim for skilled nursing services.

31. The MRIA review is critically flawed and unreliable, and contains several material misrepresentations of Mr. Small's condition, progress, and need for care.

32. Despite significant medical evidence indicating that Mr. Small is convalescing from an injury or illness that has a favorable prognosis and predictable level of recovery and the intensity of care needed by Mr. Small requires a combination of skilled nursing services which are less than those of a general acute care hospital but greater than those available in Mr. Small's place of residence, BCBSM continues to refuse to pay his claim for skilled nursing services at Aperion which began on July 2, 2018.

33. As a result of BCBSM's denial of Mr. Small's claim, Mr. Small has incurred substantial medical bills from Aperion and he continues to incur significant debt for the skilled nursing services that are warranted for his medical conditions.

34. Robert Small has suffered serious financial and other losses due to BCBSM's refusal to properly pay his claim for medical benefits.

## II.   CLAIM FOR RELIEF

### Count I – Wrongful Denial of Employee Benefits

35. Paragraphs 1 through 34 are hereby realleged and incorporated herein by reference.

36. BCBSM provides medical benefits to Robert Small under the FCA US, LLC Group Health Care Plan.

37. BCBSM had a contractual duty under the Plan to pay claims for skilled nursing care that satisfy the criteria set forth in the Plan.

38. Mr. Small provided the necessary proof to establish that his skilled nursing care with Aperion beginning on July 2, 2018 met the criteria set forth in the Plan and therefore these services should have been paid by BCBSM.

39. BCBSM has intentionally and without reasonable justification denied Mr. Small's claim for medical benefits in violation of the terms of the Plan and ERISA.

WHEREFORE, the Plaintiff, Robert Small, requests that this Honorable Court enter Judgment in an amount that represents:

A. The unpaid medical bills for his skilled nursing care with Aperion beginning on July 2, 2018;

B. Interest on the unpaid medical bills;

C. Compensation for all losses directly attributable to BCBSM's failure to pay the medical benefits owed to Robert Small;

D. Attorneys' fees and costs for pursuing this action as a result of BCBSM's failure to pay the medical benefits owed to Robert Small; and

E. All other relief as may be just and appropriate.

Respectfully Submitted,

s/Bridget O'Ryan
Bridget O'Ryan
Attorney for Plaintiff
O'Ryan Law Firm
1901 Broad Ripple Avenue
Indianapolis, IN 46220
(317) 255-1000
boryan@oryanlawfirm.com